COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


ROGER LEE BYNUM
                                                              OPINION BY
v.        Record No. 2681-09-1                     JUDGE WILLIAM G. PETTY
                                                           JANUARY 18, 2011
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Johnny E. Morrison, Judge

             Gregory K. Matthews (Jessica M. Bulos; Office of the Public
             Defender, on brief), for appellant.

             Richard B. Smith, Special Assistant Attorney General (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


        Roger Lee Bynum appeals his conviction for possession with intent to distribute heroin

within 1,000 feet of school property in violation of Code § 18.2-255.2.  Bynum argues that the

testimony of two police officers who relied on an aerial photograph to calculate the distance

between Bynum's location and the school property boundary should have been stricken from the

record.  He contends that the aerial photograph was hearsay and that the police officers were

therefore unable to testify based on their own personal knowledge to the distance between

Bynum's location and the school property boundary.  For the reasons discussed below, we

disagree.

                                    I.  BACKGROUND

        On June 29, 2009, Portsmouth Police Officer J.C. Knorowski observed Roger Lee

Bynum with heroin at 1917 Maple Avenue in Portsmouth.  Accordingly, Bynum was arrested

and charged with possession with intent to distribute heroin within 1,000 feet of school property

in violation of Code § 18.2-255.2.  At trial, Officer G.B. Smith testified that 1917 Maple Avenue was within 1,000 feet of school property.  Officer Smith relied on an aerial photograph in offering this testimony.  The photograph contained yellow lines marking the boundary of the school property and the 1,000-foot area surrounding it.  At the close of Officer Smith's testimony, trial counsel for Bynum moved to strike Officer Smith's testimony regarding the photograph on the grounds that it was "hearsay and speculation."  The trial court overruled this motion.

Officer S.W. Johnson then provided more detailed testimony that 1917 Maple Avenue was within 1,000 feet of school property.  Officer Johnson identified the aerial photograph as having been prepared by an engineering officer from City Hall.  He explained that he personally verified the scale of this photograph by taking a tape measure and measuring the real distance between two points represented on the photograph.  This distance was sixty feet.  The distance between the two points on the photograph itself was six-tenths of an inch.  Thus, Officer Johnson was able to verify that a distance of one inch on the photograph corresponded to a distance of 100 feet in real space.  He then testified that based upon this scale, Bynum was observed with heroin and arrested at a distance of approximately 910 feet from the school property boundary.  Bynum's counsel made the same objection to Officer Johnson's testimony that she had to Officer Smith's testimony, and the trial court again overruled the objection.

The trial court convicted Bynum of possession with intent to distribute heroin within 1,000 feet of school property.[1]  This appeal followed.

---

[1] The trial court also convicted Bynum of possession with intent to distribute heroin in violation of Code § 18.2-248.  This conviction is not implicated in the assignment of error before us.

II. ANALYSIS

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Gonzales v. Commonwealth, 45 Va. App. 375, 380, 611 S.E.2d 616, 618 (2005) (en banc) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). An error of law by the trial court is *ipso facto* an abuse of its discretion. Bass v. Commonwealth, 31 Va. App. 373, 382, 523 S.E.2d 534, 539 (2000). We review the trial court's ruling on Bynum's self-styled motion to strike the officers' testimony as hearsay under this standard.

Hearsay is "an out of court statement offered to prove the truth of the matter asserted. It includes testimony given by a witness who relates what others have told him or what he has read." Lawrence v. Commonwealth, 279 Va. 490, 497, 689 S.E.2d 748, 751 (2010) (citing Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476 (1999)).

This Court has previously recognized that where "there is no 'out-of-court asserter,'" there can be no hearsay. Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994). In Tatum, the Court held that testimony regarding information gleaned from a caller ID display is not hearsay. Tatum, 17 Va. App. at 588, 440 S.E.2d at 135. The Court reasoned that "the caller ID display is based on computer generated information and not simply the repetition of prior recorded human input or observation." Id. Likewise, a call trap device[2] is not hearsay either. "With a call trap device, there exists no out-of-court declarant . . . . [T]he call trap's reliability does not depend on an out-of-court declarant's veracity or perceptive abilities, and no

---

[2] "[A] call trap is an electronic device which central office repairmen program into [a] telephone company's computer. . . . [O]nce the repairmen finishes [sic] the manual programming, the computer automatically receives and prints information concerning calls to the number on which the trap is placed." Penny v. Commonwealth, 6 Va. App. 494, 496, 370 S.E.2d 314, 315 (1988).

cross-examination could occur which would enhance the truth-finding process." Penny v. Commonwealth, 6 Va. App. 494, 498, 370 S.E.2d 314, 317 (1988).

As with a caller ID and a call trap, there simply is no out-of-court declarant involved in this photograph. Officer Johnson used an aerial photograph of the Brighton Elementary School property and surrounding area to measure the distance between the school property boundary and the location where Bynum was observed with heroin and arrested. An aerial photograph of a geographic area does not contain "simply the repetition of prior recorded human input or observation." Tatum, 17 Va. App. at 588, 440 S.E.2d at 135. It is not the recordation or compilation of another human being's assertions; it is not a communication of input from another person. Rather, it is simply a technological reproduction of an existing reality. Cf. Penny, 6 Va. App. at 498, 370 S.E.2d at 317 ("The scientific advances of modern technology have enabled the call trap device to make and record the occurrence of electronic events."). As such, its "reliability does not depend on an out-of-court declarant's veracity or perceptive abilities." Penny, 6 Va. App. at 498, 370 S.E.2d at 317; cf. Harrison v. Commonwealth, 9 Va. App. 187, 189, 384 S.E.2d 813, 814 (1989) (noting that a hand-drawn sketch "'need not fit an exception to the rule against hearsay because it is not a "statement" and therefore can no more be "hearsay" *than a photograph identified by a witness*'" (emphasis added) (quoting United States v. Moskowitz, 581 F.2d 14, 21 (2d Cir. 1978))).[3]

_____

[3] The underlying rationale for the hearsay rule is instructive on the issue of whether a photograph is hearsay. "[T]he basis for the exclusion of hearsay testimony is that it is not subject to the tests which can ordinarily be applied for the ascertainment of the truth of such testimony. It has been said that it lacks any 'guarantee of trustworthiness.'" Stevens v. Mirakian, 177 Va. 123, 131, 12 S.E.2d 780, 783 (1941). Particularly, courts have been concerned with the lack of opportunity to cross-examine an out-of-court declarant. See Chesapeake & Potomac Tel. Co. v. Sisson & Ryan, Inc., 234 Va. 492, 499, 362 S.E.2d 723, 727 (1987); Stevens, 177 Va. at 131, 12 S.E.2d at 783. However, with a photograph, there is generally no out-of-court declarant that can be cross-examined. Rather, the trustworthiness of a photograph is established by proper authentication. The test for authenticating a photograph is "whether the evidence is sufficient to

Since this aerial photograph is not a declaration of any person, it cannot be said that a witness using the photograph is "reading" the "assertions" of an out-of-court declarant. Thus, Bynum's argument that Officer Johnson was offering hearsay testimony because he was allegedly reading information from another document fails. One does not "read" an aerial photograph to discover a third person's "assertions." Although Bynum cites the cases of Lawrence, 279 Va. 490, 689 S.E.2d 748, and Robinson, 258 Va. 3, 516 S.E.2d 475, the facts in those two cases are readily distinguishable from the facts here. Both Lawrence and Robinson involved a witness reading information that an out-of-court human declarant had recorded, and hence communicated, in writing. Lawrence, 279 Va. at 497, 689 S.E.2d at 752 (expert testimony regarding "details of unadjudicated allegations of sexual misconduct [the expert] learned about from reading police reports"); Robinson, 258 Va. at 6, 516 S.E.2d at 476 (testimony of two department store employees regarding the value of goods that they ascertained simply by reading the price tags on the goods). A police report contains statements from out-of-court human beings. A price tag is a statement by an out-of-court individual communicating an offer to sell an item for a particular price. However, the aerial photograph here is not a statement by a person. It does not communicate another human being's input or assertions. Thus, testimony based on this photograph is not hearsay, since it is not testimony regarding information gleaned simply from reading another person's written declarations, as was the case in Lawrence and Robinson.[4]

---

provide an adequate foundation assuring the accuracy of the process producing it." Ferguson v. Commonwealth, 212 Va. 745, 747, 187 S.E.2d 189, 191 (1972).

[4] In his brief, Bynum stresses the fact that neither Officer Smith nor Officer Johnson personally prepared the aerial photograph. However, this fact has no effect on the analysis above regarding whether the photograph is hearsay. In fact, it would not even have been necessary for the photographer to have testified concerning the photograph had it been formally offered into evidence. See Bailey v. Commonwealth, 259 Va. 723, 738, 529 S.E.2d 570, 579 (2000) ("'[A] photograph which is verified by the testimony of a witness as fairly representing what that

We are mindful of the fact that the aerial photograph here contained markings that had been added to it by a third person other than Officer Smith or Officer Johnson.  These markings consisted of two yellow lines, one demarcating the boundary of the Brighton Elementary School property, and the other indicating the 1,000-foot area surrounding the school property.  These markings, considered by themselves, arguably constituted hearsay, since they represented the addition of human input to the material originally portrayed in the photograph.  However, Officer Johnson was able to testify as to the distance between the school boundary and the point where Bynum was observed with heroin without relying on the yellow line indicating where the 1,000-foot limit was.  Officer Johnson testified that he personally used a tape measure to measure a sixty-foot distance from the edge of a school building and that he then measured that same distance on the aerial photograph to be six-tenths of an inch.  Thus, he was able to verify that one inch on the photograph equaled one hundred feet in real distance.  Using this scale, Officer Johnson testified that the location where Bynum was observed with heroin was approximately 910 feet from the school property boundary.  Thus, even if the yellow markings on the photograph constituted hearsay, Officer Johnson did not rely on these markings as the basis for his testimony regarding the distance between the school property and the place where Bynum was observed and arrested.  Accordingly, the trial court did not abuse its discretion when it denied Bynum's motion to strike the testimony of Officer Johnson.

Bynum also argues that Officer Smith's testimony was inadmissible hearsay due to his apparent reliance on the yellow lines on the photograph.  Assuming without deciding that Bynum is correct, we conclude that any error in admitting Officer Smith's testimony was harmless.

---

witness has observed is admissible in evidence and . . . it need not be proved by the photographer who made it.'" (quoting Ferguson, 212 Va. at 746, 187 S.E.2d at 190)).  It is worth noting that the witness in Tatum did not personally prepare the caller ID display whose content he related while testifying.  See Tatum, 17 Va. App. at 587, 440 S.E.2d at 135.

"Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicial declaration is clearly established by other competent evidence." Schindel v. Commonwealth, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979) (citing Facchina v. Richardson, 213 Va. 440, 443, 192 S.E.2d 791, 794 (1972)). Here, Officer Johnson's uncontradicted and unimpeached testimony established that Bynum was within 1,000 feet of school property when he was observed with heroin. Thus, Officer Smith's testimony regarding this same fact was redundant and is not necessary to support Bynum's conviction.

For these reasons, we hold that the trial court did not commit an error of law and thereby abuse its discretion when it denied Bynum's motion to strike the testimony of Officer Johnson. The aerial photograph Officer Johnson used to measure the distance between Bynum's location and the school property boundary was not hearsay, and, thus, neither was his testimony. We need not determine whether the yellow lines that were added to the photograph constituted a form of hearsay, because Officer Johnson did not rely on those lines. Finally, Officer Johnson's testimony was sufficient, without the testimony of Officer Smith, to establish that Bynum was observed with heroin within 1,000 feet of school property.

III. CONCLUSION

Accordingly, we affirm Bynum's conviction.

Affirmed.