COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued at Chesapeake, Virginia


WILLIAM TRAVIS NEWTON

MEMORANDUM OPINION[*] BY
v.        Record No. 0721-10-1            JUDGE WILLIAM G. PETTY
                                            JUNE 28, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Terry N. Grinnalds for appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


William Travis Newton appeals his conviction for participating in a criminal street gang,

in violation of Code § 18.2-46.2.  Newton assigns error to the trial court's admission of the

Commonwealth's evidence of prior criminal acts committed by Deanthony Clark and Darryl

Lollis.  The Commonwealth introduced evidence of these acts to prove the existence of a

criminal street gang.  See Code § 18.2-46.1 (including "two or more predicate criminal acts"

committed by members of a criminal street gang as one of the definitional elements of such a

gang).  Newton argues that the evidence of Clark's offenses was inadmissible because the

Commonwealth failed to establish the relevance of Clark's conviction order.  Newton also argues

that the evidence of Lollis' offenses was inadmissible because there was insufficient proof of a

working relationship or group dynamic between Newton and Lollis that would justify admitting

———————————
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

this evidence. For the reasons expressed below, we disagree with Newton's arguments and therefore affirm his conviction.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Moreover, we review a trial court's decision regarding the admissibility of evidence for abuse of discretion. Gonzales v. Commonwealth, 45 Va. App. 375, 380, 611 S.E.2d 616, 618 (2005) (en banc). We are mindful that "[a]n error of law by the trial court is *ipso facto* an abuse of its discretion." Bynum v. Commonwealth, 57 Va. App. 487, 490, 704 S.E.2d 131, 133 (2011).

Newton's first argument is that the trial court erred in admitting the conviction order of Deanthony Clark for two prior felonies.[1] The Commonwealth offered this evidence to establish an element of the offense—that other members of the gang had committed two or more predicate criminal acts. See Code § 18.2-46.1. Newton contends that the testimony of the gang expert, Detective Earnest Corey Sales, was insufficient to establish the relevance of Clark's conviction order. We disagree.

Detective Sales was qualified below as an expert in gang ideologies and identification. Detective Sales testified that Clark was a member of the Gangsta Disciples, a criminal street gang. He based this opinion on the fact that, as he testified, he "walked into the Dean of Boys

---

[1] Clark had been convicted of carjacking, in violation of Code § 18.2-58.1, and use of a firearm in commission of a felony, in violation of Code § 18.2-53.1.

office at Bethel High School" one day, where he saw Clark "sitting in [a] chair, wearing black and blue beads." As Detective Sales explained, this indicated to him that Clark was a member of the Gangsta Disciples. The Commonwealth then sought to introduce Clark's conviction order. Newton objected to the introduction of the conviction order on the grounds of relevance and lack of foundation. The trial court overruled the objections and admitted Clark's conviction order into evidence.

On appeal, Newton contends that the evidentiary basis of Detective Sales' opinion that Clark was a member of the Gangsta Disciples was insufficient to justify this opinion. However, we note that Newton did not object to Detective Sales' opinion on these grounds below.[2] Although Newton expressed concerns about the basis of Detective Sales' opinion, he did so in an objection to the introduction of Clark's conviction order, not in an objection to the testimony of Detective Sales itself. Thus, the issue before us is not whether Detective Sales' testimony was admissible. Rather, the issue before us is whether Detective Sales' testimony, taken at face value, adequately established the relevance of Clark's conviction order. We hold that it did.

The standard for establishing the relevance of proposed evidence is relatively low: "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). Furthermore, "'[t]he test establishing relevance is *not* whether the proposed evidence conclusively proves a fact, but whether it has *any tendency to establish a fact at issue*.'" Holsapple v. Commonwealth, 39 Va. App. 522, 537-38, 574 S.E.2d 756, 763 (2003) (en banc)

---

[2] When the Commonwealth's attorney first asked Detective Sales whether Clark was a member of a criminal street gang, Newton objected on the grounds that this question called for a legal conclusion and was outside the province of an expert. Subsequently, Newton made a hearsay and relevance objection to Dectective Sales' testimony describing the basis for his opinion. These objections are not before us. Thus, for purposes of this appeal, we consider Detective Sales' testimony that Clark was a member of the Gangsta Disciples to have been properly admitted.

(emphasis added) (quoting Wise v. Commonwealth, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988)). If the proposed evidence itself does not have to conclusively prove a fact at issue, then neither should foundational testimony showing the relevance of the proposed evidence have to conclusively prove any particular fact at issue. Thus, in order to show the relevance of Clark's conviction order, the Commonwealth did not need to prove beyond a reasonable doubt that Clark was a member of the Gangsta Disciples. Rather, the Commonwealth needed only to produce some credible evidence that Clark was a member of the Gangsta Disciples. This would satisfy the threshold requirement that Clark's conviction order have some "logical tendency, however slight," Ragland, 16 Va. App. at 918, 434 S.E.2d at 678, to establish the fact that a member of the criminal street gang of which Newton was also a member had committed a predicate criminal act.

Here, since Detective Sales testified that Clark was a member of the Gangsta Disciples, Clark's conviction order was relevant. In light of Detective Sales' testimony, Clark's conviction order had some tendency to establish an element of the offense. Whether the trier of fact should have believed Detective Sales' opinion as sufficiently credible and reliable is not an issue before us in this appeal. Likewise, the issue of whether the evidence in this case is sufficient to prove beyond a reasonable doubt that Clark was a member of the Gangsta Disciples is not before us either. We simply hold that Detective Sales' testimony here was sufficient to establish the relevance of Clark's conviction order and that the order was therefore admissible.

Newton also argues that Clark's conviction order was inadmissible because Clark's personal connection with Newton was not proven to be as close as was the personal connection between the gang members in Corado v. Commonwealth, 47 Va. App. 315, 623 S.E.2d 452 (2005). It is true that in Corado, the predicate criminal acts used to prove the existence of a criminal street gang were prior convictions of two of the defendant's associates who were also

involved in the incident for which the defendant was convicted. Id. at 321, 332, 623 S.E.2d at 455, 460. However, Corado simply does not stand for the proposition that predicate criminal acts *must* be committed by gang members whom the defendant actually knows.[3] Thus, Newton's attempt to bolster his argument by appealing to Corado is unavailing. Corado contains nothing that affects our analysis above regarding the admissibility of Clark's conviction order.

Newton's second argument is that the trial court erred in admitting a sentencing order, plea agreement, and stipulation of facts showing that Darryl Lollis had been convicted for two prior felonies and was a member of the Gangsta Disciples.[4] Newton argues that there was not sufficient proof that Newton and Lollis were part of a "dynamic group of people who know each other and work together." We do not believe that such proof was necessary to justify admitting these documents into evidence. Again, we note that the issue of whether the evidence is sufficient to prove beyond a reasonable doubt that Newton and Lollis were members of the same criminal street gang is not before us in this appeal. Rather, we are simply faced with a question of admissibility.

As noted above, "[e]vidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland, 16 Va. App. at 918, 434 S.E.2d at 678. "'The test establishing relevance is *not* whether the proposed evidence conclusively proves a fact, but whether it has *any tendency to establish a fact at issue*.'" Holsapple, 39 Va. App. at 537-38, 574 S.E.2d at 763 (emphasis added) (quoting Wise, 6 Va. App. at 188, 367 S.E.2d at 203). The

---

[3] We note that the plain language of Code § 18.2-46.1 imposes no such requirement. It simply requires that a criminal street gang contain members who "individually or collectively have engaged in the commission of, attempt to commit, conspiracy to commit, or solicitation of two or more predicate criminal acts, at least one of which is an act of violence, provided such acts were not part of a common act or transaction." Code § 18.2-46.1.

[4] Lollis had been convicted of robbery, in violation of Code § 18.2-58, and participation in a criminal street gang, in violation of Code § 18.2-46.2.

stipulation of facts contains Lollis' admission that he was a member of the Gangsta Disciples. The sentencing order establishes that Lollis was convicted of two felonies, and the stipulation of facts indicates these crimes were committed by a member of, and for the benefit of, the Gangsta Disciples. Thus, regardless of whether the documents conclusively proved that Lollis was in the same criminal street gang as Newton, they did have some tendency to show this fact. Accordingly, the documents were relevant, and Newton's arguments provide no basis for holding them inadmissible.[5]

---

[5] To the extent that Newton attempts to argue issues of hearsay and constitutional rights, we do not address these issues, since in his brief Newton did not develop these arguments or provide legal support for them. See Rule 5A:20(e) (requiring the argument in an appellant's opening brief to contain "principles of law and authorities"). We find this failure significant. See Atkins v. Commonwealth, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010) ("Because appellant provides no legal argument or authority in his brief to support his argument, and we find this omission significant, appellant's claim that the trial court erred in not finding his [constitutional] rights were violated is waived under Rule 5A:20(e)."). Particularly with respect to Newton's assertion that the admission of evidence concerning Clark violated his rights under the Confrontation Clause of the Sixth Amendment, Newton has not provided us with any authority or argument for why either Clark's behavior in wearing colored beads or his conviction order should be considered testimonial. See Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2539-40 (2009) (holding that "public records are generally admissible absent confrontation" because they are not created "for the purpose of establishing or proving some fact at trial" and thus "are not testimonial"); Crawford v. Washington, 541 U.S. 36, 51, 68 (2004) (declining "to spell out a comprehensive definition of 'testimonial,'" but noting that the term "testimony" is defined as "'[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact'" (alteration in original) (quoting 2 N. Webster, An American Dictionary of the English Language (1828))). Furthermore, Newton did not argue to the trial court that admitting Lollis' plea agreement or stipulation of facts violated his rights under the Confrontation Clause. Thus, we could not consider that issue even had Newton adequately presented such an argument in his brief. See Rule 5A:18.

Additionally, although Newton argues the evidence was insufficient to support his conviction, we note that the assignment of error before us simply challenges the trial court's admission of certain evidence. Since the assignment of error does not challenge the sufficiency of the evidence, we do not consider this issue. See Rule 5A:12(c)(1); Kirby v. Commonwealth, 264 Va. 440, 444-45, 570 S.E.2d 832, 834 (2002) (refusing to consider an argument that "the assignment of error [did] not properly encompass").

For the foregoing reasons, we hold that the trial court did not abuse its discretion in admitting the Commonwealth's evidence of prior criminal acts committed by Deanthony Clark and Darryl Lollis.  Therefore, we affirm Newton's conviction.

<u>Affirmed.</u>

Elder, J., concurring, in part, dissenting, in part, and dissenting from the judgment.

Although I concur in the majority's conclusion in footnote 5 that we may not consider Newton's arguments regarding hearsay and the Confrontation Clause, I disagree with its assessment that appellant did not articulate an adequate objection to Detective Sales's testimony regarding Deanthony Clark and objected only to the admission of Clark's conviction order. I would also hold on the merits that the trial court's admission of Clark's and Darryl Lollis's conviction orders and related testimony and documentary evidence violated the principles set out in Taybron v. Commonwealth, 57 Va. App. 470, 703 S.E.2d 270 (2011). Therefore, I respectfully dissent from the judgment.