COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Beales
Argued by teleconference


CHRISTOPHER HARRIS

MEMORANDUM OPINION* BY
v.        Record No. 2317-09-1                  JUDGE WILLIAM G. PETTY
JULY 5, 2011
JEANETTE HARRIS


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Allyson D. Lee for appellant.

Darell Sayer (Ferrell, Sayer & Nicolo, P.C., on brief), for appellee.

Betsy E. Cornatzer-Slate, Guardian *ad litem* for the minor children.[1]


Appellant, Christopher Harris ("father"), appeals from an order of the circuit court

awarding custody of the parties' two minor children to appellee, Jeanette Harris ("mother"). On

appeal, father assigns the following errors to the trial court's decision: (1) the trial court deviated

from the best-interests-of-the-child standard by not allowing the admission of certain evidence

and by not following the guardian *ad litem's* recommendation; (2) the trial court erred by

admitting mother's home study into evidence and by not allowing father to call the study's

preparer to the stand; (3) the trial court erred in determining that an award of primary physical

custody to mother was in the children's best interests; and (4) the trial court erred in failing to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Rule 5A:19(d), the guardian *ad litem* joined with the appellant. The guardian *ad litem* filed her own brief and presented oral argument.

articulate, either orally or in writing, the basis for its decision. For the following reasons, we conclude that the trial court abused its discretion in refusing to admit the psychological evaluations of the children for the reason that it did. Thus, we reverse the judgment of the trial court and remand for a new trial.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.[2]

Father argues that the trial court deviated from the best-interests-of-the-child standard by not admitting certain psychological evaluations of the children into evidence. Because of the reason given by the trial court for its refusal to admit the evaluations, we agree that the trial court abused its discretion in this instance.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Bynum v. Commonwealth, 57 Va. App. 487, 490, 704 S.E.2d 131, 133 (2011) (quoting Gonzales v. Commonwealth, 45 Va. App. 375, 380, 611 S.E.2d 616, 618 (2005) (en banc)). In ruling on matters within its discretion in a child custody case, a trial court must remember that "[i]n matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794,

---

[2] Pursuant to Rule 5A:8(c), father filed a "written statement of facts, testimony, and other incidents of the case," instead of filing an actual transcript of the proceedings below. Inexplicably, father failed to include the full statement of facts in the appendix. Mother argues that we should affirm because "the appendix filed . . . does not contain parts of the record that are essential to the resolution of the issue[s] before us." Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 765 (2003). However, in this case, we have chosen to exercise our discretionary authority to "consider other parts of the record" besides those contained in the appendix. Rule 5A:25(h). In so doing, we in no way condone father's laxity in failing to include the full statement of facts (which was only forty-seven pages long) in the appendix.

795 (1990); see also Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948) ("In Virginia, we have established the rule that the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor children. All other matters are subordinate.").

In Armistead v. Armistead, 228 Va. 352, 357, 322 S.E.2d 836, 838 (1984), the Supreme Court reversed a custody decision because "the chancellor excluded evidence which may have been relevant to the determination of [the child's] best interests." Likewise, this Court reversed a custody decision where the trial court "erroneously excluded evidence on a matter directly concerning the child's best interest." M.E.D. v. J.P.M., 3 Va. App. 391, 407, 350 S.E.2d 215, 225 (1986). Thus, if the child's best interests are the "paramount concern" of the trial court, Farley, 9 Va. App. at 327-28, 387 S.E.2d at 795, it is an abuse of the trial court's discretion to exclude evidence relevant to determining those best interests without a compelling reason for doing so.

Here, the trial court excluded psychological evaluations of the children. These evaluations had been ordered by the Portsmouth Juvenile and Domestic Relations District Court ("J&DR court") when the issue of child custody and visitation was before that court. Upon the recommendations of the preparer of the evaluations and the guardian *ad litem*, and after reviewing the evaluations *in camera*, the J&DR court decided to seal the evaluations, citing safety concerns for the children, who were at that time in mother's custody. During the proceedings in the trial court below, father asked the trial court to unseal the evaluations and use them as evidence. Mother objected, noting that the evaluations were approximately a year old at that point. However, this does not necessarily mean that the evaluations were irrelevant to a determination of the children's best interests a year after they were completed. Moreover, the

trial court did not exclude the evaluations for this reason. Rather, it simply indicated that the J&DR court had a reason for sealing these evaluations and that the trial court would not disturb the J&DR court's ruling or use the evaluations in the current proceeding. By itself, this was not a compelling reason for the trial court to exclude the psychological evaluations of the children. If the trial court was concerned about the need for the evaluations to remain sealed and inaccessible to the parties, the trial court could have simply reviewed the evaluations *in camera* and then ordered them to be resealed. The mere fact that the J&DR court had ordered the evaluations to be sealed was no reason for the trial court to ignore relevant evidence as it sought to determine what was in the best interests of the children.

Since the evaluations were sealed, we will not discuss their specific contents in this opinion. However, upon our review of these evaluations, we can state that their contents were relevant to the "mental condition of the child[ren]," as well as "[t]he relationship existing between each parent and each child." See Code § 20-124.3 (prescribing certain factors the trial court is to consider in determining a child's best interests for purposes of making a custody decision). Thus, in excluding these evaluations, the trial court "excluded evidence which may have been relevant to the determination of [the children's] best interests." Armistead, 228 Va. at 357, 322 S.E.2d at 838. The trial court's stated reason for its decision was insufficient to justify this exclusion. Accordingly, we hold that the trial court abused its discretion in excluding the psychological evaluations.

For the foregoing reasons, we reverse the judgment of the trial court and remand for a new trial. In light of this disposition, we see no need to address the remaining issues father has

raised on appeal, as he is free to raise those issues again on remand and they may arise under

different circumstances upon retrial.[3]

Reversed and remanded.

---

[3] We note, however, that at least father's fourth assignment of error was not properly preserved for our review. Father assigns error to the trial court's failure to articulate, either orally or in writing, the basis for its decision regarding custody and visitation. See Code § 20-124.3 (requiring the trial court to "communicate to the parties the basis of [its] decision [regarding child custody and visitation] either orally or in writing"). However, the record before us reveals no objection to this failure below. Therefore, Rule 5A:18 would bar our consideration of this issue did we see the need to address other assignments of error. See Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992) ("The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials.").

Furthermore, in her brief, the guardian *ad litem* attempts to raise two additional assignments of error. In light of our disposition of this case, it is unnecessary for us to address these arguments.