COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges McCullough and Huff
Argued at Alexandria, Virginia


MICHAEL GENE HOWELL

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 1206-11-4                               JUDGE GLEN A. HUFF
                                                              JUNE 19, 2012

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     Herman A. Whisenant, Jr., Judge Designate

            Charles F. Koehler (Law Office of Charles F. Koehler, P.C., on
            briefs), for appellant.

            Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Michael Gene Howell ("appellant") appeals his conviction of grand larceny, in violation

of Code § 18.2-95.  Following a jury trial in the Circuit Court of Loudoun County ("trial court"),

appellant was sentenced to four years in prison.  On appeal, appellant contends that the trial court

erred in (1) permitting a witness who did not observe appellant in the store to testify regarding

what the witness observed on the store's surveillance video; (2) providing a jury instruction on

flight when the Commonwealth did not provide any evidence in its case-in-chief or in rebuttal

that appellant fled the store; and (3) not permitting the jury to hear testimony regarding the

co-defendant's sentence.  For the following reasons, we affirm the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On August 17, 2009, Javier Arevalo-Melendez ("Arevalo-Melendez") saw a man he identified as appellant carry a Dyson vacuum cleaner box out of the Bed, Bath and Beyond store where Arevalo-Melendez was employed.  Arevalo-Melendez observed appellant leave the store through the entrance door, which he found unusual because "nobody really goes out that way, carrying any type of merchandise."  Arevalo-Melendez then observed appellant put the box in the back seat of a vehicle and walk toward another store.  Arevalo-Melendez promptly wrote down the vehicle's license plate number and reported the incident to the store manager.  Arevalo-Melendez also went to the area of the store that contained vacuum cleaners and found security packaging discarded on the floor.

Arevalo-Melendez testified at trial that the entrance door has a "Do Not Exit" sign posted on it, does not open automatically for customers from the inside, and is located "pretty far from the registers."  Arevalo-Melendez also testified that it is possible for an individual to remove the security packaging that covers Dyson vacuum cleaners and that the vacuum cleaner appellant carried out of the store had no security packaging.

Dustin Fox ("Fox"), the store manager on duty at the time of the offense, testified at trial that no Dyson vacuum cleaners had been sold on the date of the offense, nor does the store allow customers to retrieve items that have been purchased on a prior date.  Fox also testified that he watched the store's surveillance video shortly after the offense occurred and that the video

depicted appellant leaving the store through the entrance door with the vacuum cleaner at the same time as a second individual walked into the store through the entrance door. Appellant objected to Fox's testimony regarding the contents of the surveillance video on the basis that the video was a "silent witness," and, thus, testimony as to its contents constituted hearsay. The trial court, however, overruled the objection and admitted Fox's testimony into evidence. The videotape was also admitted into evidence without objection.

At the close of all the evidence, the Commonwealth submitted a jury instruction on flight that stated: "If a person flees to avoid detection, this creates no presumption that the person is guilty of having committed the crime; however, it is a circumstance that you may consider along with the other evidence." Appellant objected to the Commonwealth's instruction, arguing "I do[]n[o]t believe that there is any evidence to show that [appellant] was fleeing. No one ever told him to cease, stop, or anything." In response, the Commonwealth asserted:

> I think you can see from the video that [appellant] leaves the store and . . . Arevalo[-Melendez] is coming – is running out of the store shortly thereafter. [Appellant] puts the Dyson vacuum cleaner in the car and then he leaves after that. I think it is up to the jury to decide whether he was fleeing or not.

The trial court overruled appellant's objection and gave the flight instruction. The jury returned a guilty verdict for grand larceny, in violation of Code § 18.2-95.

At the sentencing proceeding, appellant requested that the co-defendant, Gary Pearson ("Pearson"), be permitted to testify. The Commonwealth objected, proffering the following: "I believe that what [appellant's] counsel is going to want [Pearson] to testify to is that he got a misdemeanor in this case and that somehow this is an unfair treatment of [appellant]." Appellant's counsel asserted that "it is highly relevant. In any case, in any [j]udge's sentence and hearing, they take into consideration the co-defendant, what they received and the amount of time they had . . . ." The trial court sustained the Commonwealth's objection and disallowed

Pearson's testimony, explaining that "when sentencing comes, the [j]udge would [take into consideration the co-defendant's sentence] . . . [but] [w]e are not going to submit it to the jury." Following the sentencing proceeding, the trial court imposed the jury's recommended sentence of four years' imprisonment. This appeal followed.

## II. ANALYSIS[1]

### A. Testimony on Surveillance Video

On appeal, appellant first asserts that the trial court erred in permitting Fox to testify as to what he observed on the store's surveillance video in that the video was admitted into evidence as a "silent witness," and thus the testimony constituted inadmissible hearsay.

"Ordinarily, we review questions regarding admissibility of evidence for an abuse of discretion, and '[o]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Brown v. Commonwealth, 54 Va. App. 107, 112, 676 S.E.2d 326, 328 (2009) (citation and internal citation omitted). "However, 'when the trial court makes an error of law' in the admission of evidence, 'an abuse of discretion occurs.'" Id. (citation omitted). Accordingly, "'such evidentiary issues presenting a question of law are reviewed *de novo* by this Court.'" Id. at 112-13, 676 S.E.2d at 328 (citation omitted).

"Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted." Clark v. Commonwealth, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992) (citation omitted). "This Court has previously recognized that where 'there is no out-of-court asserter,' there can be no hearsay." Bynum v. Commonwealth, 57 Va. App. 487, 491, 704 S.E.2d 131, 133 (2011) (citation omitted); see, e.g., Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994) (holding that

---

[1] Although the Commonwealth asserts on brief that the issues are procedurally barred, we find that appellant has adequately preserved the issues for appeal and thus address the merits of appellant's arguments.

- 4 -

testimony regarding information from a caller ID display did not violate hearsay principles in that the display was "based on computer generated information and not simply the repetition of prior recorded human input or observation").

Although this Court has not previously addressed whether a witness' testimony as to the contents of a surveillance video violates hearsay principles, our recent decision in Bynum is persuasive in this case. 57 Va. App. 487, 704 S.E.2d 131. In Bynum, we held that a witness' testimony about information depicted in an aerial photograph prepared by someone other than the witness did not constitute hearsay. Id. In so finding, the Court determined the photograph was not an "out-of-court declarant" given that "[i]t is not the recordation or compilation of another human being's assertions [or] . . . a communication of input from another person. Rather, it is simply a technological reproduction of an existing reality." Id. at 491-92, 704 S.E.2d at 133. Accordingly, we determined that "[s]ince this aerial photograph is not a declaration of any person, it cannot be said that a witness using the photograph is 'reading' the 'assertions' of an out-of-court declarant." Id. at 492, 704 S.E.2d at 134. We distinguished, however, circumstances in which "a witness read[s] information that an out-of-court human declarant had recorded, and hence communicated, in writing," such as police reports. Id. at 493, 704 S.E.2d at 134.

Bynum further provides that our decision does not contravene "[t]he underlying rationale for the hearsay rule" because

> "the basis for the exclusion of hearsay testimony is that it is not
> subject to the tests which can ordinarily be applied for the
> ascertainment of the truth of such testimony. It has been said that
> it lacks any guarantee of trustworthiness." Particularly, courts
> have been concerned with the lack of opportunity to cross-examine
> an out-of-court declarant. However, with a photograph, there is
> generally no out-of-court declarant that can be cross-examined.
> Rather, the trustworthiness of a photograph is established by
> proper authentication.

Id. at 492 n.3, 704 S.E.2d at 133 n.3 (internal citations omitted). In view of these principles, we find that surveillance videos merit similar treatment to other technological reproductions in determining hearsay violations. See Charles E. Friend, The Law of Evidence in Virginia § 18-5, at 737 (6th ed. 2003) ("When a witness seeks to testify as to the witness's observations of a computer display or the readout of other electronic devices, the hearsay objection is often raised . . . . In general, however, the courts have treated such matters as being outside of the ambit of the hearsay rule.").

Fox's testimony regarding the events depicted in the surveillance video did not constitute hearsay. Fox testified as to what he personally observed on the video at the time of the offense. Because the surveillance video was not an assertion by an out-of-court declarant, it follows that Fox's testimony was not a mere recitation of a third party's assertion. Rather, Fox's testimony described a "technological reproduction of an existing reality." Bynum, 57 Va. App. at 491-92, 704 S.E.2d at 133. Furthermore, we note that the video's admission into evidence as a "silent witness" does not alter our analysis in that this evidentiary label does not transform the video into a "declarant."[2] Based on the foregoing, we hold that Fox's testimony was not hearsay, and thus the trial court did not abuse its discretion in overruling the hearsay objection to the testimony of Fox.

### B. Jury Instruction on Flight

Appellant also argues that the trial court erred in giving a jury instruction on flight when the Commonwealth did not provide any evidence in its case-in-chief or in rebuttal that appellant fled the store.

---

[2] Although not yet in effect, we note that Rule 2:801(b) of the Virginia Rules of Evidence recently approved and promulgated by the Supreme Court of Virginia defines "declarant" as "a person who makes a statement." Virginia Rule of Evidence 2:801(b) (enacted by 2012 Acts ch. 688).

"As a general rule, the matter of granting and denying instructions . . . rest[s] in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (citations omitted). "'Our sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Id. (citation omitted). "Flight following the commission of a crime is evidence of guilt, and the jury may be so instructed." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996) (citation omitted).

We note at the outset that the instruction was qualified. The instruction given to the jury stated that "*[i]f* a person flees to avoid detection . . . it is a circumstance that you may consider along with the other evidence." (Emphasis added). Thus, the jury could observe the video of what occurred as appellant exited the store, and the jury itself could see from the video whether the conduct at issue constituted flight. However, assuming without deciding that it *was* error for the trial court to give the jury instruction on flight, we hold that any such error was harmless. Pursuant to Code § 8.01-678, non-constitutional error is harmless if "it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Specifically,

> "[i]f, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Turman v. Commonwealth, 276 Va. 558, 567, 667 S.E.2d 767, 772 (2008) (citations omitted).

In this case, any error in giving the jury instruction had but slight, if any, effect on appellant's conviction. The sole issue before the trial court was whether appellant committed grand larceny of the vacuum cleaner. While the instruction permitted the jury to consider the

circumstances of appellant's exit from the store as probative of guilt, the other evidence in the record, particularly the surveillance videotape and the testimony of Arevalo-Melendez, nonetheless established that appellant committed grand larceny by carrying the unpurchased vacuum cleaner from the store and placing it in his vehicle. Accordingly, we hold that the jury verdict "was not substantially swayed by the error," and thus any error was harmless.

## C. Testimony on Co-Defendant's Sentencing

Lastly, appellant asserts that the trial court erred in not permitting the jury to hear testimony regarding Pearson's sentence during the penalty phase of the trial.

"'Discretion is vested in the trial court to determine, subject to the rules of evidence governing admissibility, the evidence which may be adduced in mitigation of the offense.'" Runyon v. Commonwealth, 29 Va. App. 573, 577, 513 S.E.2d 872, 874 (1999) (citation omitted). "[A] trial court's discretionary ruling on this issue should not be disturbed on appeal absent a clear abuse of discretion." Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999) (citation omitted).

Code § 19.2-295.1 governs sentencing proceedings after conviction and provides, in relevant part, that the jury may hear "relevant, admissible evidence related to punishment." In short, "[t]he kind of evidence contemplated by [Code] § 19.2-295.1 bears upon the record of the defendant and the nature of his crime." Shifflett, 257 Va. at 44, 510 S.E.2d at 236. "Evidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of the noncapital crime is admissible mitigating evidence." Id. By contrast, "[e]vidence as to the result of another defendant's trial for the same crime is irrelevant to the determination by the jury of the appropriate punishment for the defendant whose sentence is being weighed." Coppola v. Commonwealth, 220 Va. 243, 254, 257 S.E.2d 797, 805 (1979) (addressing co-defendants' sentencing for capital murder); see Runyon, 29 Va. App. at 576, 513

S.E.2d at 874 (noting "[i]n determining what evidence should be considered by a sentencing jury, a trial court should be guided by the cases decided under Code § 19.2-264.4, the corresponding statute for capital murder cases" (citation omitted)).

However, "[a] trial judge is given greater latitude than a jury in the factors that may be considered in determining an appropriate sentence, including a variety of facts that are contained in presentence reports." Barlow v. Commonwealth, 26 Va. App. 421, 432, 494 S.E.2d 901, 906 (1998) (citations omitted). "A co[-]defendant's sentence may be considered relevant by the trial judge to the ultimate sentence that is imposed in either a bench or jury trial and the length of a co[-]defendant's sentence is routinely contained in the presentence report," despite that "such information would be inappropriate for a jury to consider." Id. (citations omitted); see Walker v. Commonwealth, 212 Va. 289, 291, 183 S.E.2d 739, 741 (1971) ("It is well settled that a defendant has a right to have his guilt or innocence, and punishment, determined by the evidence against him and not by what sentence has been imposed in another criminal prosecution against an accomplice, a co-defendant or anyone else.").

The trial court did not abuse its discretion in prohibiting the jury from hearing testimony regarding Pearson's sentence. Although the jury was permitted to hear "relevant, admissible" evidence during the penalty phase of the trial, Code § 19.2-295.1, such evidence did not include evidence of the co-defendant's sentence resulting from another criminal prosecution. The trial judge, however, was entitled to consider such evidence in determining whether to impose the jury's recommended sentence – as the trial judge explained to appellant's counsel. Thus, the trial court properly limited the evidence relating to Pearson's sentencing to consideration by the

trial judge alone.  Accordingly, we hold that the trial court did not err in prohibiting the testimony on Pearson's sentencing from being presented to the jury.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>