UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Petty and AtLee
Argued at Norfolk, Virginia

ANTHONY DESHAWN BETHEL

v.        Record No. 1095-16-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MAY 2, 2017

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

Jessica E. B. Crossett, Deputy Public Defender (Robert Moody, IV,
Chief Deputy Public Defender, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Anthony Deshawn Bethel ("Bethel") appeals the May 31, 2016 decision by the Circuit

Court of the City of Newport News (the "circuit court") convicting him of burglary, in violation

of Code § 18.2-92.  Bethel was sentenced to five years of imprisonment, with two years

suspended.  Bethel presents three assignments of error:  1) to the ruling of the circuit court that

his statements to the victim at the time of the alleged burglary constituted inadmissible hearsay;

2) that the circuit court erred in failing to admit Bethel's complete statements; and 3) that the

circuit court erred in failing to strike the evidence because the Commonwealth's evidence was

insufficient to show Bethel had the intent to commit a misdemeanor at the time of the burglary.

"Generally, when a party objects to a statement as hearsay, the proponent of the evidence

must prove that it is admissible."  Holloman v. Commonwealth, 65 Va. App. 147, 168, 775

S.E.2d 434, 445 (2015).  In this case, the proponent of the evidence was Bethel.  "The

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Bynum v. Commonwealth, 57 Va. App. 487, 490, 704 S.E.2d 131, 133 (2011) (quoting Gonzales v. Commonwealth, 45 Va. App. 375, 380, 611 S.E.2d 616, 618 (2005) (*en banc*)). An abuse of discretion occurs "[o]nly when reasonable jurists could not differ." Pope v. Commonwealth, 60 Va. App. 486, 517, 729 S.E.2d 751, 766 (2012) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). "An error of law by the trial court is *ipso facto* an abuse of its discretion." Bynum, 57 Va. App. at 490, 704 S.E.2d at 132.

It is undisputed that Bethel forcibly entered April Evans' ("Evans") home at night, without permission, after banging on the door and yelling for approximately one minute—all while Evans and her young daughter were alone in the house. The following colloquy during defense counsel's cross-examination of Evans, regarding what Bethel was yelling while he banged on her door, forms the factual basis for the first two assignments of error:

> [Defense Counsel]: And he also said they're trying to kill me, correct?
>
> [Commonwealth]: Judge, I object to that. That's self-serving hearsay.
>
> [Defense Counsel]: Judge, it is not hearsay, first of all. I don't think it's being offered for the truth of the matter that someone was trying to kill him. Even if the Court considered that it was, it most definitely meets the hearsay exception under Rule 803.3, in that it is an existing mental condition, evidence of a state of mind. It's offered specifically to show intent which is an element at issue.
>
> [Commonwealth]: Judge, I'm still going with the self-serving hearsay. I mean clearly they're trying to move it in for the truth of the matter. I'm not sure about that response. Again, I go with self-serving hearsay. If they want to put it on at some other time but I don't think they can put it on with this lady.

> [Defense Counsel]: Judge, in addition to what I've already asserted, the Commonwealth has elicited from this witness part of a statement, part of that statement that they want, and it doesn't work that way. The defense has every right to introduce the rest of this very short statement to add context to it.

> [Circuit Court]: I will sustain the objection.

After the circuit court sustained the Commonwealth's objection, the defense proffered Evans would testify that Bethel also said, "They're trying to kill me."

Bethel argues that the statement, "They're trying to kill me," was not being offered for the truth of the matter asserted—to prove someone was trying to kill Bethel—and thus was not hearsay as defined by Rule 2:801(c) of the Rules of the Supreme Court governing the admission of evidence, or in the alternative, if hearsay, the statement was subject to the state of mind exception found in Rule 2:803(3) and in either case, should not have been excluded from evidence.

"Hearsay is 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" Adjei v. Commonwealth, 63 Va. App. 727, 738, 763 S.E.2d 225, 230 (2014) (quoting Rule 2:801(c)). "It can be 'oral or written' evidence." Adjei, 63 Va. App. at 738, 763 S.E.2d at 230 (quoting Rule 2:801(a)). "Generally, if evidence is hearsay, '[it] is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule.'" Adjei, 63 Va. App. at 738, 763 S.E.2d at 230 (quoting Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476 (1999); see also Rule 2:802). In this case, the statement was not being offered to prove that someone was trying to kill Bethel, but only to show the reasoning behind Bethel's actions. Thus, the statement, "They're trying to kill me," was not offered for the truth that people were actually attempting to kill him, but instead that the statement was made and was relevant to the issue of what Bethel's subjective

motive was in seeking entry. Therefore, the statement was not subject to exclusion as hearsay, and it was error for the circuit court to exclude the evidence as such.

Even though we conclude that the circuit court erroneously excluded Bethel's statement, "They're trying to kill me," we must consider whether that error is harmless.[1] The non-constitutional harmless error standard applies to this evidentiary issue. "A non-constitutional error is harmless if it plainly appears from the record that the parties had 'a fair trial on the merits and substantial justice has been reached.'" Angel v. Commonwealth, 281 Va. 248, 268, 704 S.E.2d 386, 398 (2011) (quoting Code § 8.01-678). "[N]on-constitutional error may be harmless '[i]f other evidence of guilt is so overwhelming and the error [is] insignificant by comparison, supporting a conclusion that the error did not have a substantial effect on the verdict.'" Turner v. Commonwealth, 284 Va. 198, 209, 726 S.E.2d 325, 331 (2012) (quoting Angel, 281 Va. at 268, 704 S.E.2d at 398).

Bethel's defense was that he broke into Evans' home in an attempt to seek refuge from a person or persons who were chasing him, and thus he did not have the specific intent alleged in the indictment for burglary. The statements made by Bethel to Evans as he was attempting to gain entry were relevant to his state of mind and motivation for his actions. If admitted into evidence and found credible as reflective of Bethel's state of mind, Bethel's statement, "They're trying to kill me," would tend to negate the specific intent required for conviction. By refusing to admit the proffered testimony, the circuit court effectively prevented Bethel from offering relevant and admissible evidence in support of his defense that he lacked the criminal intent alleged by the Commonwealth, and therefore the error was not harmless.

Because we conclude that the circuit court erred in failing to admit Bethel's statements, we need not decide Bethel's second assignment of error.

---

[1] See Code § 19.2-324.1.

With respect to Bethel's third assignment of error, Bethel generally argues without specificity that the evidence was insufficient as a matter of law to support the finding that Bethel's specific intent was to violate Code § 18.2-121, which states,

> It shall be unlawful for any person to enter the land, dwelling, outhouse or any other building of another for the purpose of damaging such property or any of the contents thereof or in any manner to interfere with the rights of the owner, user or the occupant thereof to use such property free from interference.

We note that Code § 18.2-121 is contained in Title 18.2, Chapter 5, Article 5 of the Code, labeled "Trespass to Realty." Bethel was actually charged with violating Code § 18.2-92, which prohibits breaking and entering an occupied dwelling "with the intent to commit any misdemeanor *except* assault and battery or *trespass*." (Emphasis added). However, neither party addressed whether Bethel intended to commit "any misdemeanor except assault and battery or trespass," and therefore it is unclear whether he would have fulfilled the requirements for the crime with which he was charged. Moreover, all burglaries necessarily involve some degree of interference with the property rights of the owner. Because Bethel did not argue and neither party has briefed these specific issues, we decline to address this assignment of error as it is insufficiently preserved.

For the aforementioned reasons, we reverse the circuit court's decision and remand this case to the circuit court for a new trial if the Commonwealth is so advised.

<u>Reversed and remanded.</u>