PRESENT: Hassell, C.J., Keenan,[*] Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ.

DARRELL EUGENE BOYCE

OPINION BY
v.    Record No. 090881    JUSTICE LEROY F. MILLETTE, JR.
April 15, 2010

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
J. Warren Stephens, Judge Designate

In this appeal, we consider whether the circuit court erred by refusing to strike the testimony of a mental health expert who relied upon a criminal charge for taking indecent liberties with children that was dismissed by nolle prosequi as a factor in forming the opinion that the appellant met the criteria for a sexually violent predator.

BACKGROUND

The Commonwealth filed a petition under the Sexually Violent Predators Act (SVPA), Code § 37.2-900 et seq., seeking to have Darrell Eugene Boyce, who had previously been convicted of a sexually violent offense, committed as a sexually violent predator.  A sexually violent predator is defined, in pertinent part, as any person who (1) has been convicted of a sexually violent offense, and (2) because of a mental abnormality or personality disorder, finds it difficult

---

[*]Justice Keenan participated in the hearing and decision of this case prior to her retirement from the Court on March 12, 2010.

to control his or her predatory behavior, which makes him or her likely to engage in sexually violent acts. Code § 37.2-900.

During a jury trial, the Commonwealth presented expert testimony from Dr. Glenn R. Miller, Jr., a clinical psychologist, who was accepted as a psychological expert in the diagnosis, risk assessment, and treatment of sex offenders. Dr. Miller testified that during his career, he had performed around 1,000 evaluations of sex offenders, including 275 evaluations under the SVPA. In evaluating Boyce, Dr. Miller reviewed records, interviewed Boyce, and performed various risk assessments. Based upon this information, Dr. Miller opined that Boyce suffered from both a mental abnormality, pedophilia, and personality disorder, not otherwise specified, with antisocial traits.

According to Dr. Miller, pedophilia is a deviant sexual interest in children. Dr. Miller opined that Boyce's personality disorder causes him to violate society's rules and customs, and to continue such behavior even after being caught and punished for it. Dr. Miller concluded that Boyce's pedophilia and personality disorder made it difficult for him to control his predatory behavior and that Boyce had a high risk to re-offend. It was Dr. Miller's opinion that Boyce met the criteria for a sexually violent predator under the SVPA.

2

During his testimony, Dr. Miller stated that in formulating his opinion he considered a 1979 charge against Boyce for taking indecent liberties with children that had been dismissed upon the Commonwealth's motion for nolle prosequi.  The dismissed charge was one of two indecent liberties charges brought against Boyce, with different victims, heard in the same circuit court on June 13, 1979.  One of these charges resulted in a finding of guilt pursuant to a plea agreement while the other charge was dismissed upon the Commonwealth's motion for nolle prosequi.

Dr. Miller stated that it was accepted practice within his field to consider both convictions and charges for sex offenses.  Although Dr. Miller considered the dismissed 1979 charge as a factor in his opinion, he testified that his opinion "is not based on any single incident [but rather] on the totality of all the information."

Regarding the dismissed charge, Dr. Miller stated that

> [f]rom an actuarial standpoint, it doesn't matter whether [Boyce] did it.  The reality is that individuals [who] are charged with more sexual assaults have a higher risk of being re-convicted [sic] of a new sex offense.  It doesn't matter whether he did it.  The reality is that research indicates that those charged have a higher risk of re-convicting [sic] in the future.

At the close of the Commonwealth's evidence, Boyce made a motion to strike, arguing that Dr. Miller's testimony was

3

improper because he relied on the 1979 charge for taking indecent liberties with children that was dismissed by nolle prosequi in rendering his opinion. Boyce contended that this Court's decision in Commonwealth v. Garrett, 276 Va. 590, 667 S.E.2d 739 (2008), requires that Dr. Miller's testimony be stricken. The circuit court denied Boyce's motion to strike. Boyce renewed his motion to strike at the conclusion of all of the evidence, and the circuit court denied the motion.

The jury found that Boyce met the definition of a sexually violent predator. The circuit court committed Boyce to the custody of the Department of Mental Health, Mental Retardation and Substance Abuse Services. Boyce appeals.

### DISCUSSION

Boyce argues that the circuit court erred in refusing to strike Dr. Miller's testimony. Boyce asserts that the circuit court should have granted his motion to strike Dr. Miller's testimony because Dr. Miller, in forming his expert opinion, relied, in part, on a 1979 charge against Boyce for taking indecent liberties with children that had been dismissed upon the Commonwealth's motion for nolle prosequi.

In response, the Commonwealth argues that Garrett does not support Boyce's argument that Dr. Miller's testimony should have been excluded. In support of this argument, the Commonwealth notes that Dr. Miller considered the dismissed

4

1979 charge as one factor among many in reaching his conclusion, and that Dr. Miller did not assume that Boyce had committed the offense charged. The Commonwealth also contends that experts may consider unadjudicated charges in forming their opinions in sexually violent predator cases.

On appeal, we generally review evidentiary rulings under an abuse of discretion standard. Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). "However, '[a] trial court has no discretion to admit clearly inadmissible evidence because admissibility of evidence depends not upon the discretion of the court but upon sound legal principles.' " Commonwealth v. Wynn, 277 Va. 92, 97, 671 S.E.2d 137, 139 (2009) (quoting Norfolk & Western Ry. Co. v. Puryear, 250 Va. 559, 563, 463 S.E.2d 442, 444 (1995)) (internal quotation marks omitted).

At the outset, we must clarify that the evidentiary ruling in question is not the admission of the dismissed 1979 charge. Although Boyce objected to the introduction of the dismissed indictment at trial, he failed to assign error to the circuit court's overruling of his objection. The issue, then, is whether the circuit court abused its discretion in failing to strike Dr. Miller's entire testimony because he considered a dismissed charge as a factor in forming his

5

opinion that Boyce met the criteria for being a sexually violent predator.

In Garrett, the expert, as the foundation of her diagnosis of Marvin D. Garrett's mental condition as "Paraphilia, Not Otherwise Specified . . . Sexual Abuse of Child," relied upon three juvenile petitions charging Garrett with having carnal knowledge of a minor that had been dismissed by nolle prosequi to draw the inference that Garrett had, in fact, committed those offenses. 276 Va. at 594-95, 667 S.E.2d at 741-42. We held that in the absence of additional evidence, the dismissal by nolle prosequi of the three charges, standing alone, was legally insufficient for the expert to infer that Garrett had actually committed the charged offenses in rendering her opinion. Id. at 607, 667 S.E.2d at 749. Thus, we held that the expert's testimony was properly excluded because the only factual basis upon which the expert could have reached her diagnosis of "Paraphilia, Not Otherwise Specified . . . Sexual Abuse of Child" was from her reliance on the unsupported belief that Garrett committed the offenses charged, because Garrett's criminal record did not include any other charges of sexual abuse of a child, and the only adult offense of a sexual nature was a rape conviction with an adult victim. Id.

6

This case can be distinguished from the ruling in Garrett.  First, Dr. Miller's opinion that Boyce suffered from pedophilia was not based solely upon the 1979 offense of taking indecent liberties with children that was dismissed by nolle prosequi.  Rather, Dr. Miller's opinion that Boyce suffered from a deviant sexual interest in children was based upon a number of factors, including:  (1) Boyce's 1979 conviction of indecent liberties with a seven-year-old child; (2) Boyce's 1980 conviction for indecent liberties with a seven-year-old child; and (3) Boyce's 1994 convictions for sodomy and indecent exposure with a nine-year-old child.  In fact, Boyce related details of the 1980 and 1994 convictions to Dr. Miller that fully supported the diagnosis of pedophilia.

Second, Dr. Miller did not assume that Boyce was guilty of the dismissed indecent liberties charge as the basis for his opinion that Boyce suffered from a personality disorder, not otherwise specified, with antisocial traits.  According to Dr. Miller, the essence of a personality disorder is that a person does not benefit from being caught, punished, and offered opportunities at rehabilitation.  Dr. Miller based his opinion of Boyce's personality disorder upon the "totality of all the information" and upon his conclusion that Boyce had not benefited from multiple arrests, punishments, probation,

7

or revocations of probation as opportunities to change his behavior. According to Dr. Miller, Boyce had violated rules of society over a significant period of time, despite the fact that he knew he should not do so.

In Garrett, we acknowledged that mental health professionals often rely upon judicial records of charged conduct that may not have resulted in a final determination of guilt, yet nevertheless may be indicative of antisocial behavior. Id. at 607, 667 S.E.2d at 749. We take this opportunity to reaffirm that position.

Dr. Miller testified that his opinion was based on the "totality of all the information," and that the mere fact that Boyce was charged with the dismissed 1979 sexual offense was a factor in his analysis of whether Boyce was a sexually violent predator. According to Dr. Miller, from an actuarial standpoint, it did not matter whether Boyce committed the charged offense. Dr. Miller's opinion that individuals who have been charged with more sexual assaults have a higher risk, actuarially, of being reconvicted of a new sex offense was an appropriate factor to be considered in determining whether Boyce suffered from a personality disorder that, in conjunction with his pedophilia, made it difficult for him to control his predatory behavior, which made him more likely to engage in sexually violent acts. Dr. Miller's consideration

of the totality of the evidence in rendering his expert opinion included a review of Boyce's criminal history, convictions as well as dismissed charges for sexual offenses, an interview with Boyce, and various risk assessments and amply supported his opinion that Boyce met the criteria for a sexually violent predator.

This case is also distinguishable from our recent decision in Lawrence v. Commonwealth, 279 Va. 490, 689 S.E.2d 748 (2010). In Lawrence, the expert testified that her diagnosis that Lawrence had an antisocial personality disorder was partially based upon unadjudicated allegations of his sexual misconduct that were contained in police reports. Id. at 490, 689 S.E.2d at 749. We relied on Garrett in holding that the "expert testimony did not have an adequate factual foundation to the extent it was dependent upon assuming the truth of the hearsay allegations concerning Lawrence's past sexual misconduct." Id. at 499, 689 S.E.2d at 753.

This case is distinguishable from Lawrence because, as we stated above, Dr. Miller did not base his opinion on the inference that Boyce committed the offense dismissed by nolle prosequi. Dr. Miller's opinions that Boyce suffered from pedophilia and from a personality disorder, as well as his opinion that Boyce was a sexually violent predator, were amply supported by prior convictions for sexual offenses against

9

children and by evidence presented at trial.  Therefore, unlike the expert opinion at issue in Lawrence, Dr. Miller's opinions were not "speculative and unreliable as a matter of law," and were properly admitted into evidence.  Id.

CONCLUSION

Because Dr. Miller's opinions were based upon a sufficient foundation and upon the totality of all of the information in the case, we hold that the circuit court did not abuse its discretion in refusing to strike Dr. Miller's testimony.

For the foregoing reasons, we will affirm the judgment of the circuit court.

Affirmed.