COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Alston and Decker
Argued by teleconference


ERIC CHRISTOPHER McCARTER

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0226-13-2            JUDGE MARLA GRAFF DECKER
                                          DECEMBER 16, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
J. Howe Brown, Jr., Judge Designate

Joan Burroughs (Erin L. T. Ranney, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Eric Christopher McCarter appeals his two convictions of contributing to the delinquency

of a minor, in violation of Code § 18.2-371.  He argues that the trial court erred by admitting into

evidence the testimony concerning his daughter's age and that the Commonwealth failed to

present sufficient evidence to prove the ages of the purported minors.  We hold that the

challenged testimony was improperly admitted hearsay.  Therefore, we reverse the convictions

and remand the case to the trial court for further proceedings consistent with this opinion.

I.  BACKGROUND

The appellant's convictions were based on evidence discovered through the execution of

a search warrant at the appellant's home.  During the search, the police found marijuana in the

bedroom of one of the appellant's twin daughters and empty beer cans in the other daughter's

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

bedroom. The Commonwealth charged the appellant with two counts of contributing to the delinquency of a minor.

Investigator Patrick Blasiol of the Caroline County Sheriff's Department testified at trial that one of the daughters was sixteen years of age. The appellant objected to the testimony based on lack of personal knowledge on the part of the investigator. The trial court agreed to strike the response and instructed the jury to disregard Blasiol's testimony until the foundation for its admission was established. The Commonwealth showed the investigator photographs. Blasiol identified them as photos of some of the seized evidence, including one photo of the driver's license of the daughter in question. The Commonwealth asked the investigator about her age "according to her driver's license." The appellant objected to the testimony as hearsay. The trial court overruled the objection without any further discussion. Blasiol then testified that the daughter was sixteen years old. The Commonwealth moved to introduce the photographs into evidence. The judge asked the appellant if there was any objection, and defense counsel responded, "No objection." The photos were admitted into evidence. Prints of eleven photos were admitted as the Commonwealth's exhibit, three or four to a page on three sheets of standard letter size paper.

The jury found the appellant guilty of two counts of contributing to the delinquency of a minor.[1] He was sentenced to one year of incarceration for each of the convictions.

## II. ANALYSIS

The appellant assigns error to the trial court's admission into evidence of Investigator Blasiol's testimony about the daughter's age. He argues that the testimony regarding what the investigator concluded from the driver's license was hearsay because it related information that Blasiol obtained from an out-of-court source that was offered to prove the truth of the matter

---

[1] The appellant's conviction for distributing a controlled substance is not part of this appeal.

asserted. The appellant further contends that the testimony based on the license itself did not meet the exceptions to the rule against hearsay for government or business records.

As a preliminary matter, the Commonwealth argues that the appellant did not object to the testimony with sufficient specificity to preserve the issue for appeal. Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The rule's purpose is to allow the trial court and the opposing party "the opportunity to intelligently address, examine, and resolve issues in the trial court" in order to avoid unnecessary appeals and retrials. Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004).

The appellant objected to Investigator Blasiol's testimony first for lack of personal knowledge and then as "hearsay." Generally, when a party objects to a statement as hearsay, the *proponent of the evidence* must show that it is admissible. See Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521, 523 (1992) (emphasis added). In this case, the proponent of the evidence was the Commonwealth. Additionally, "a litigant cannot wait until *after* trial to make [an argument] pertinent to a trial court's decision *during* trial to allow or exclude testimony." Roadcap v. Commonwealth, 50 Va. App. 732, 740 n.1, 653 S.E.2d 620, 624 n.1 (2007). Reviewing the appellant's hearsay objection in context, it is clear that the objection was based on Blasiol's lack of personal knowledge of the daughter's age and that the basis for his knowledge arose from a third-party source, namely, the driver's license. See, e.g., Preferred Sys. Solutions, Inc. v. GP Consulting, LLC, 284 Va. 382, 396 n.*, 732 S.E.2d 676, 683 n.* (2012) (holding that the hearsay issue was preserved, in part, because the issues of personal knowledge and hearsay were "sufficiently linked"). We hold that the objections, viewed in context, were sufficient to preserve the hearsay challenge to Blasiol's testimony.

- 3 -

Turning to the merits of the appellant's argument, "the determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that discretion." Beck v. Commonwealth, 253 Va. 373, 384-85, 484 S.E.2d 898, 905 (1997); see also Henderson v. Commonwealth, 59 Va. App. 641, 649-50, 722 S.E.2d 275, 279 (2012). This Court will hold that an abuse of discretion occurred "'[o]nly when reasonable jurists could not differ.'" Pope v. Commonwealth, 60 Va. App. 486, 517, 729 S.E.2d 751, 766 (2012) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 192, 609 S.E.2d 611 (2005)). The admission of "clearly inadmissible evidence" constitutes an abuse of discretion. See Lawrence v. Commonwealth, 279 Va. 490, 496, 689 S.E.2d 748, 751 (2010).

"The measure of the burden of proof with respect to factual questions underlying the admissibility of evidence is proof by a preponderance of the evidence." Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 296 (1975). Once this threshold for proving admissibility has been met, any gaps in the evidence are relevant to the trier of fact's assessment of its weight rather than its admissibility. See Kettler & Scott, Inc. v. Earth Tech. Cos., 248 Va. 450, 459, 449 S.E.2d 782, 786 (1994).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 2:801(c); see also Rule 2:801(a) (providing that a "statement" can be "an oral or written assertion"). The term hearsay encompasses "testimony given by a witness who relates what others have told him or what he has read." Lawrence, 279 Va. at 497, 689 S.E.2d at 751; see also Bynum v. Commonwealth, 57 Va. App. 487, 491, 704 S.E.2d 131, 133 (2011).

 Investigator Blasiol did not have personal knowledge of the daughter's age. He based his testimony on a written statement that he read on her driver's license. Further, the statement

regarding the child's age was offered for its truth. Consequently, Blasiol's testimony as to the daughter's age was hearsay.[2] See, e.g., Lawrence, 279 Va. at 497, 689 S.E.2d at 752 (holding that the trial court erred by allowing an expert to testify about facts that she learned from reading police reports); Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953) (holding that testimony was hearsay because it was based upon what a third party had told the witness).

Generally, hearsay evidence "is inadmissible unless it falls within one of the recognized exceptions" to the rule against hearsay. Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476 (1999); see Godoy v. Commonwealth, 62 Va. App. 113, 119, 742 S.E.2d 407, 411 (2013); see also Rule 2:802. The Commonwealth did not advance at trial any exception under which Blasiol's testimony was admissible, nor does the record establish one.[3] See Neal, 15 Va. App. at 420-22, 425 S.E.2d at 523-25 (holding that when a party objects to proffered evidence as hearsay, "the proponent of the evidence has the burden of establishing its admissibility"). We hold that the trial court abused its discretion by allowing the jury to consider

---

[2] The Commonwealth suggests that Blasiol used the photograph to refresh his recollection of personal knowledge. See, e.g., Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (explaining that a witness may refer to material to refresh his or her memory). However, nowhere in Investigator Blasiol's testimony did he indicate that he had personal knowledge of the daughter's age. He did testify that when he first arrived at the residence, several teenagers "confirmed to be juveniles," through review of their identification, were outside. At first Blasiol stated that the two daughters were among the minors outside the house, but then qualified that he did "not know if [the] two daughters were out of the house or not."

[3] The Commonwealth argues that the driver's license met the requirements of the business records exception and the official records exception to the rule against hearsay. See Rule 2:803(6), (8). In light of our holding that Blasiol's testimony relating information that he read was inadmissible hearsay, we do not reach the second-layer hearsay issue of whether the driver's license itself met a recognized exception. See, e.g., Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (holding that an appellate court should "decide[] cases 'on the best and narrowest ground available'" (quoting Air Courier Conf. v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))); cf. Rule 2:805 (providing that hearsay included within hearsay is admissible only if "each part of the combined statements conforms with an exception to the hearsay rule").

Investigator Blasiol's testimony regarding the daughter's age, because it was hearsay that did not meet any of the exceptions to the rule against hearsay.

Our conclusion that the trial court erred in admitting the testimony does not, standing alone, compel reversal of the conviction. Virginia law mandates harmless error review in all cases in which an appellate court determines that error has occurred. See, e.g., Lawrence, 279 Va. at 497, 689 S.E.2d at 752; Ramsey v. Commonwealth, 63 Va. App. 341, 355-56, 757 S.E.2d 576, 583-84 (2014).

The appellant challenged the testimony based on the evidentiary rule against hearsay. This is a claim of non-constitutional error. In Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. This Court will uphold a decision on the ground that any error involved is harmless only if it can conclude, without usurping the jury's fact-finding function, "'that the error did not influence the jury, or had but slight effect.'" Adams v. Commonwealth, 275 Va. 260, 277, 657 S.E.2d 87, 97 (2008) (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001)); see also Perry v. Commonwealth, 58 Va. App. 655, 671, 712 S.E.2d 765, 773 (2011). However, "'if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . [and] the conviction cannot stand.'" Adams, 275 Va. at 278, 657 S.E.2d at 97 (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731-32). This determination depends on the specific circumstances of each case. E.g., Perry, 58 Va. App. at 671-72, 712 S.E.2d at 773-74. Relevant factors include "'the importance of the witness[] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on

material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.'" Id. at 672, 712 S.E.2d at 774 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)).

Investigator Blasiol's testimony about the age of one daughter was proof of the age of the other daughter because the two girls were twin sisters. That testimony regarding the one daughter's age was the only probative evidence in the record proving that either daughter was a minor, an essential element of the charges of contributing to the delinquency of a minor. See Code § 18.2-371(i) (prohibiting "[a]ny person 18 years of age or older, including the parent of any child," from "willfully contribut[ing] to, encourag[ing], or caus[ing] any act, omission, or condition that renders a *child* delinquent" (emphasis added)); see also Code § 1-207 (defining "child" and "minor" as "a person less than 18 years of age"). Although a photograph of the driver's license was admitted into evidence, the license appears to have been left in a wallet when the photograph was taken. The glare on the clear plastic over the identification renders any text on the card unreadable. We cannot conclude that the erroneously admitted evidence was merely cumulative of the photograph of the license because that photo was of little or no probative value.[4] Nor can we conclude that the improperly admitted testimony did not influence the jury regarding an essential element of the offenses. If a legible copy of the daughter's driver's license had been properly admitted into evidence, such a copy would have affected our harmless error analysis; however, one was not admitted here. Consequently, the error in allowing the challenged testimony cannot be deemed harmless.

---

[4] We also hold that the appellant did not waive his objection to the challenged testimony by not objecting to the admission of the photograph of the license into evidence, because the photograph of the license in its existing unreadable condition did not provide duplicative evidence of the daughter's age. See Burns v. Bd. of Supers., 227 Va. 354, 363, 315 S.E.2d 856, 862 (1984) ("'[A]n objection to evidence cannot be availed of by a party who has, at some other time during the trial, voluntarily elicited *the same evidence*, or has permitted it to be brought out by his adversary without objection.'" (quoting Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923) (emphasis added))).

The appellant also argues that the evidence was insufficient to support his convictions for contributing to the delinquency of a minor. Both counsel at oral argument correctly agreed, however, that if the appellant prevails on his hearsay challenge, the appropriate disposition is to reverse the convictions and remand the case for a retrial at the discretion of the Commonwealth. Code § 19.2-324.1 provides that if this Court "determines that evidence was erroneously admitted and that such error was not harmless, the case shall be remanded for a new trial if the Commonwealth elects to have a new trial." See also Wilder v. Commonwealth, 55 Va. App. 579, 597 n.7, 687 S.E.2d 542, 550 n.7 (2010) ("[W]here retrial is not barred by a double jeopardy analysis, any decision concerning whether retrial is appropriate without the improperly admitted evidence is . . . properly the province of the executive branch of government rather than the judicial branch.").

## III. CONCLUSION

We hold that Investigator Blasiol's testimony regarding the daughter's age was inadmissible hearsay and that the trial court erred by allowing it into evidence. Further, the error was not harmless as to either conviction. Therefore, we reverse the convictions for contributing to the delinquency of a minor and remand the case for a new trial if the Commonwealth be so advised.

Reversed and remanded.