COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia

KONDWANI GRADY

MEMORANDUM OPINION[*] BY
v.        Record No. 0339-15-4          JUDGE MARLA GRAFF DECKER
                                        OCTOBER 4, 2016
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Benjamin N. A. Kendrick, Judge Designate

Genevieve J. Miller, Assistant Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Kondwani Grady appeals his conviction in a bench trial for petit larceny, third or subsequent

offense.  The appellant contends that the trial court erred by admitting a deputy's testimony about

two telephone conversations he had with an individual who identified himself as Kondwani Grady.

He argues that the Commonwealth did not establish a sufficient foundation for its admittance under

any of the exceptions to the rule against hearsay.  The appellant further suggests that the error was

not harmless because without the testimony the remaining evidence was insufficient to support the

conviction.  We hold that the Commonwealth established by a preponderance of the evidence that

the appellant was the person who spoke with the deputy and who admitted in one of the phone

conversations that he stole the shoes and, consequently, the evidence was admissible as an

admission by a party opponent.  Accordingly, the trial court did not abuse its discretion by admitting

the evidence, and we affirm the judgment.

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

### A. *The Offense*

On or about April 22, 2014, Dwayne Burks, a loss prevention supervisor for a department store in Loudoun County, was monitoring the store's "camera system." Burks saw the appellant go to the shoe department and pick up a shoe box. He watched the appellant remove the security tag from the shoes. The appellant then turned his back to the camera, did "something," turned back around, closed the box, put it down, and then left without paying for anything.[1] During the incident, the appellant put his coat around the shoe box.

After the appellant left, Burks went to the shoe department to "check the shoebox and make sure it was empty." He went to the location where the appellant had left the shoe box. The box contained only "[t]he hard tag that [the appellant had] popped off the shoes." Burks explained that a hard tag is a security device affixed to merchandise that triggers an alarm if it is not removed before the item is carried through the door. The shoes were not found inside the store after the appellant left.

Burks contacted the Loudoun County Sheriff's Office, and Deputy William Leonard responded to the store. Burks could not identify the appellant, but provided Deputy Leonard with his description. He also provided the license plate number and a detailed description of the vehicle in which the appellant left. The truck was a white Ford with a company name on it and the truck number on the driver's side front panel as well as on the back.

After Deputy Leonard contacted the company associated with the truck, an individual telephoned the deputy and admitted that he took the shoes without paying for them. This person identified himself as Kondwani Grady and provided his cellular telephone number. In a second

---

[1] The video recording from the surveillance system that captured the appellant's actions was admitted into evidence and played for the court.

telephone call initiated by the deputy, after being told that there was a warrant for his arrest, the man said he would turn himself in to the Prince William Police Department, and later the appellant did so.

The trial court found the appellant guilty of petit larceny, third or subsequent offense.[2] He was sentenced to three years in prison with two years and six months suspended.

### B. Challenged Evidence

Prior to trial, defense counsel filed a motion *in limine* asking the court to exclude evidence of the phone calls between Deputy Leonard and an "individual purporting to be Mr. Grady." Relying on Snead v. Commonwealth, 4 Va. App. 493, 358 S.E.2d 750 (1987), counsel argued that the conversations did not meet the admissibility standard required to prove the caller's identity as the appellant. Counsel contended that consequently the deputy's testimony about the phone conversations was inadmissible hearsay. The trial court deferred ruling on the motion until after the deputy testified about the phone calls during the bench trial.

At trial Deputy Leonard testified that during his investigation of the theft he ran the license plate number of the truck used by the suspect and determined that it was registered to an out-of-state trust company. He contacted the company and was told that the truck was assigned to a company in Fairfax County. The deputy contacted that company, confirmed that the truck was assigned to its fleet, and was told that the vehicle had been signed out to someone that morning. Deputy Leonard testified that he gave a description of the suspect to a manager. That person said he knew the individual and had given him a truck that day. The company employee did not provide the identity of the driver and told the deputy that the company would contact its legal department for further advice.

---

[2] The appellant was also charged with destruction of personal property in violation of Code § 18.2-137, but the trial court granted his motion to strike the evidence on that count of the indictment and dismissed the charge.

Deputy Leonard further testified that during the course of the investigation he received a phone call. The caller identified himself as Kondwani Grady and provided a telephone number. The deputy said that during the phone call he "asked [the caller] if there was anything that he wanted to tell" the deputy and "the person on the phone admitted to taking the shoes without paying." The deputy continued, "I advised him that I would be taking [out] a warrant for his arrest [and] that it would be a petit larceny charge."

Deputy Leonard determined that the appellant had two prior larcenies on his record and, consequently, obtained a felony warrant. He then telephoned the suspect at the cell phone number provided. The deputy testified that the voice of the person who answered the phone was the same voice as the person on the first phone call in which the caller identified himself as Kondwani Grady.[3] According to Deputy Leonard, that person said that he would turn himself in at the "Prince William County police station, which he did." The deputy further testified that the person also said that he would return the shoes "at a later date."

The appellant's counsel argued to the trial court that the telephone conversations were inadmissible hearsay and that the Commonwealth failed to lay a foundation establishing that the person on the phone was the appellant. The court noted that in addition to the fact that the individual identified himself as the appellant, the statements and subsequent actions of the appellant corroborated his identity. It found that circumstantial evidence supported the conclusion that the person on the phone was who he said he was, Kondwani Grady. The trial court consequently ruled that the testimony about the phone conversations was admissible.

---

[3] The deputy acknowledged that he did not know the appellant.

## II.  ANALYSIS

The appellant argues that the trial court erred by admitting into evidence the testimony of Deputy Leonard regarding two telephone conversations with an individual who represented himself as Kondwani Grady.  He contends that the Commonwealth failed to lay a proper foundation to support admitting the evidence under the "admission by a party opponent" exception to the rule against hearsay.

The law in Virginia is clear that "[t]he admissibility of the evidence is within the broad discretion of the trial court" and on appeal this Court reviews that decision under an abuse of discretion standard.  Davis v. Commonwealth, 65 Va. App. 485, 499, 778 S.E.2d 557, 564 (2015) (alteration in original) (quoting Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818 (2010)).  Review under this standard "means that the trial judge's 'ruling will not be reversed simply because an appellate court'" may disagree.  Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)).  This Court will hold that an abuse of discretion has occurred "[o]nly when reasonable jurists could not differ."  Commonwealth v. Swann, 290 Va. 194, 197, 776 S.E.2d 265, 268 (2015) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)).  Additionally, on appeal, "[a]bsent clear evidence to the contrary," a trial court is presumed to have known the law and properly applied it.  See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

In the instant case, the appellant objected to the testimony as hearsay.  If evidence is hearsay, it "is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule."  Lawrence v. Commonwealth, 279 Va. 490, 497, 689 S.E.2d 748, 751 (2010); see Va. R. Evid. 2:802.  Once the appellant objected to the statement as hearsay, the Commonwealth, as the

proponent of the evidence, bore the burden of establishing that it was admissible. See Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521, 523 (1992). "The measure of the burden of proof with respect to factual questions underlying the admissibility of evidence is proof by a preponderance of the evidence." Bloom v. Commonwealth, 262 Va. 814, 821, 554 S.E.2d 84, 87 (2001) (quoting Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 296 (1975)).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c); see Bailey v. Commonwealth, 62 Va. App. 499, 504, 749 S.E.2d 544, 546 (2013). The term hearsay encompasses "testimony given by a witness who relates what others have told him or what he has read." Lawrence, 279 Va. at 497, 689 S.E.2d at 751; see also Bynum v. Commonwealth, 57 Va. App. 487, 491, 704 S.E.2d 131, 133 (2011). There is no dispute that the testimony at issue, about the admission of guilt made over the telephone, was hearsay.

However, the determination that the testimony was hearsay does not end the inquiry. There are many well-recognized exceptions to the rule against hearsay. The exception upon which the Commonwealth relies here is the one for the admission of party opponents: "extra-judicial admissions that tend to show guilt . . . are admissible as party admissions," even if they are hearsay. Paden v. Commonwealth, 259 Va. 595, 597, 529 S.E.2d 792, 793 (2000); see Va. R. Evid. 2:803(0)(A). The appellant does not disagree that the challenged statements would qualify under the admission by a party opponent exception to the rule against hearsay if the Commonwealth had proven that he was the speaker on the phone call. Instead, the appellant argues that the trial court erred by admitting the evidence of the conversation because the Commonwealth did not prove that he was the person on the phone with the deputy.

When the testimony of a witness "relates to a conversation between him and another particular individual, it is the general rule that in order to be admissible in evidence the identity of the person with whom the witness claims to have been speaking must be satisfactorily established." Benson v. Commonwealth, 190 Va. 744, 751, 58 S.E.2d 312, 314 (1950). It is axiomatic that "[t]he identity of the person making the out-of-court statement may be established by either direct or circumstantial evidence." Bloom, 262 Va. at 820-21, 554 S.E.2d at 87. It is also clear that a statement of the speaker's identity, "standing alone, is not generally regarded as sufficient proof of such identity *unless it is corroborated by other circumstances*." Snead, 4 Va. App. at 496, 358 S.E.2d at 752 (emphasis added) (quoting Benson, 190 Va. at 751, 58 S.E.2d at 315). "[C]ircumstances preceding or following the conversation may serve to sufficiently identify the caller." Armes v. Commonwealth, 3 Va. App. 189, 193, 349 S.E.2d 150, 152-53 (1986) (quoting State v. Williamson, 502 P.2d 777, 780 (Kan. 1972)). The "completeness of the identification" goes to weight rather than admissibility, with the responsibility of determining the threshold question of admissibility resting with the trial court. Id. at 193, 349 S.E.2d at 153 (quoting Williamson, 502 P.2d at 780).

Here, as the trial court correctly found, facts well beyond the simple statement of identity adequately proved that the appellant was the caller. The Commonwealth presented significant circumstantial evidence that the caller was Kondwani Grady.

Deputy Leonard tracked the getaway truck identified by Burks to a company that acknowledged that it had an employee who matched the description of the appellant. Although the company would not provide the individual's name, it confirmed that individual had been assigned a vehicle that day. The deputy then received a phone call from a person who identified himself as the appellant, with the unique first name "Kondwani." The caller, without being told anything about the crime Deputy Leonard was investigating, confessed to the specific theft of a

pair of shoes. In a second phone call, this time placed by the deputy, when told that a warrant for his arrest had been obtained, the same person said that he would turn himself in to the police at the Prince William police station. The caller in each phone call had the same voice. The appellant did in fact turn himself in to the police in Prince William, not Loudoun where the crime occurred.

Additionally, the appellant's physical characteristics matched the person on the department store surveillance video. Burks testified that the appellant was the person who he watched in the shoe department on the day of the theft. He stated that the appellant manipulated a shoe box, removed tags from the shoes, hid the box with his coat during the incident, and dropped the box before walking away. After the appellant left, Burks checked the box, which contained the hard tag security mechanism but no shoes. This evidence, that the appellant acted in a manner consistent with stealing the shoes, corroborated the caller's verbal identification and admission of guilt.

The record supports the trial court's conclusion that a preponderance of the evidence proved that the appellant was the speaker on the phone. Compare Armes, 3 Va. App. at 194, 349 S.E.2d at 153 (holding that the circumstantial evidence established the caller's identity as the defendant), with Snead, 4 Va. App. at 498, 358 S.E.2d at 754 (holding that the evidence was insufficient to corroborate the caller's identity). The timing of events, details provided by the individual on the phone, and the actions of the appellant support the conclusion that the individual on the phone was the appellant.

The two cases relied upon by the appellant, Benson, 190 Va. at 750-53, 58 S.E.2d at 314-15, and Snead, 4 Va. App. at 496-98, 358 S.E.2d at 752-54, do not compel a different result. In each case, the appellate court held that the evidence did not satisfactorily corroborate the

defendant's identity as the speaker in the phone conversation with the witness. Benson, 190 Va. at 752-53, 58 S.E.2d at 315; Snead, 4 Va. App. at 498, 358 S.E.2d at 754.

In Benson, the only circumstances tending to show the identity of the speaker who admitted to bribery derived from the conversation with C.V. Allen, a former police officer. 190 Va. at 752-53, 58 S.E.2d at 315. Allen called a number purporting to be the defendant's business that was provided to him by a forgotten source. Id. He placed the call after hearing of a list with his name on it of police officers receiving bribes from the defendant:

> [Allen] testified that he asked to speak to Benson, . . . and the party answering said he was Benson. Allen thereupon inquired whether his name was on the list and the party said "yes" and, in reply to the question from Allen as to why it was on the list, the party said "You are supposed to know why"; that Allen was supposed to get $10 a month from the payoff man down at headquarters.

Id. at 750-51, 58 S.E.2d at 314. In concluding that the circumstances did not establish the speaker's identity, the Supreme Court found significant the lack of reliable identification of the phone number called. The Court also emphasized the fact that some of the information relevant to the pending police investigation was public knowledge at the time of the phone conversation. Id. at 752, 58 S.E.2d at 315. Unlike the witness in Benson, the deputy in the appellant's case explained in detail the sequence of events leading to his phone conversations with the person claiming to be the appellant. Further, the appellant's actions before and after the phone conversations, the specific content of those conversations, and the timeline of relevant events all corroborated the caller's statement that he was Kondwani Grady.[4]

In reversing the conviction for operating an illegal gambling enterprise in Snead, this Court noted that there was no evidence that the defendant lived at the gambling house on the date

---

[4] The appellant suggests that because the caller also said he would return the shoes, the fact that he did not do so is significant. The record, however, is simply silent as to whether the shoes were returned. In any event, that point goes to weight of the testimony rather than its admissibility in light of the significant circumstantial evidence supporting proof of identity.

that the phone call to the house occurred.  4 Va. App. at 496-98, 358 S.E.2d at 752-54.  The analysis also emphasized the lack of any other evidence that the defendant participated in the gambling enterprise.  Id. at 497-98, 358 S.E.2d at 753.  In the instant case, in contrast to Snead, there was ample evidence other than the verbal identification corroborating the speaker's identity.

For these reasons, we hold that the trial court acted within its discretion by admitting Deputy Leonard's testimony about the appellant's admission of guilt.

### III.  CONCLUSION

We hold that the challenged evidence was satisfactorily authenticated and admissible under the admission of a party opponent exception to the rule against hearsay.  Consequently, the court properly acted within its discretion, and we affirm the judgment of the trial court.[5]  We remand the case solely for correction of a clerical error in the sentencing order which incorrectly states that the conviction was for violating Code § 18.2-95 (grand larceny) rather than Code § 18.2-96 (petit larceny third or subsequent offense).  Code § 8.01-428(B); see, e.g., Howell v. Commonwealth, 274 Va. 737, 742, 652 S.E.2d 107, 109 (2007).

Affirmed and remanded.

---

[5] In light of this holding, we do not address the assignment of error suggesting that if admission of the testimony was error, it was not harmless.